FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 20 2020 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ANTHONY TORRE, SR.,
*on behalf of Anthony J. Torre*,

                     Plaintiff,

– against –

ANDREW SAUL,

                     Defendant.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

1:19-CV-01120 (AMD)

**ANN M. DONNELLY**, United States District Judge:

The plaintiff[1] seeks review of the Commissioner of Social Security's decision that he was not entitled to disability insurance benefits or supplemental security income under Titles II and XVI of the Social Security Act.[2] For the reasons set forth below, I remand the case for further proceedings.

The plaintiff applied for disability insurance benefits and supplemental security income on April 9, 2015, alleging, among other limitations, depressive disorder, anxiety disorder, and substance abuse disorder. (Tr. 26, 216, 2020.) After his claim was denied on October 15, 2015, the plaintiff requested a hearing. (Tr. 26.) Administrative Law Judge Michael J. Kopicki held a hearing on December 5, 2017, at which a vocational expert and the plaintiff, who was represented by counsel, testified. (Tr. 45.) The ALJ denied the plaintiff's claims for benefits,

---

[1] Anthony Torre, Jr., died while a decision from the Appeals Council was pending. (Tr. 15-17.) His father, Anthony John Torre, Sr., filed a notice of substitution to continue this claim on behalf of his son. (Tr. 17.)

[2] The plaintiff originally filed this action against Nancy Berryhill. Since Andrew Saul is now the Commissioner of Social Security, he is automatically substituted as a party. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

concluding that if the plaintiff "stopped the substance use, [he] would have the residual functional capacity to perform a full range of work at all exertional levels" but with certain nonexertional limitations: he could only "carry[] out simple instructions involving routine and repetitive tasks" in an "environment free of fast-paced production requirements ... with few, if any, workplace changes." (Tr. 36.) He also could have only "occasional contact with the public and co-workers." (*Id.*)

The Appeals Council denied the plaintiff's request for review on September 27, 2018. (Tr. 5.) The plaintiff commenced this action on February 25, 2019, and both parties moved for judgment on the pleadings. (ECF Nos. 1, 9, 14.)

## STANDARD OF REVIEW

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

"Although factual findings by the Commissioner are 'binding' when 'supported by substantial evidence,'" the court will not defer to an ALJ's determination "[w]here an error of law has been made that might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 188-89 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984) (internal citations omitted)). Thus, "[e]ven if the Commissioner's decision is supported by

2

substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citation omitted).

## DISCUSSION

The plaintiff alleges two points of error: (1) the ALJ's assessment of the medical evidence and application of the treating physician rule, and (2) the ALJ's analysis of the plaintiff's credibility.

This is a challenging case, requiring the ALJ to make a disability determination about a young man who struggled with alcohol dependence and drug abuse. Because an individual cannot "be considered . . . disabled . . . if alcoholism or drug addition [is] a contributing factor material to the Commissioner's [disability] determination," 42 U.S.C. § 1382c(a)(3)(J), the disability analysis changes "[w]hen there is medical evidence of an applicant's drug or alcohol abuse[.]" *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012). In these cases, "[t]he critical question is whether the [agency] would still find the [plaintiff] disabled if [he] stopped using drugs or alcohol." *Id.* (internal quotation marks and alterations omitted).

The ALJ's review of the plaintiff's lengthy medical history was commendably thorough, as was his discussion of the opinions offered by various medical professionals. I remand the case only so that the ALJ can clarify his position on the weight to be assigned to the plaintiff's treating physician.

## I. ALJ's Evaluation of the Medical Evidence

Treating psychiatrist Claudia Iordache regularly treated the plaintiff for over a year beginning in September of 2016. (Tr. 710.) She concluded that the plaintiff "would have seriously limited ability to sustain attention, sustain ordinary routine, work in proximity to others, make simple work related decisions, and complete a normal workday (for unskilled

3

work)." (Tr. 38-39.) The ALJ gave only partial weight to the doctor's opinion, but did not specify why it did not merit controlling weight, or explain why the disabling limitations identified by Dr. Iordache should not be included in the plaintiff's residual functional capacity determination. It is this finding that the plaintiff challenges.

The "treating physician" rule requires the ALJ to give "a treating source's opinion on the issue(s) of the nature and severity" of a claimant's impairment "controlling weight" if the opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."[3] *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (citing 20 C.F.R. § 404.1527(d)(2) and *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)). "While a treating physician's legal conclusion of a claimant's RFC is entitled to no special significance, the same cannot be said for a treating physician's medical assessment of the patient's limitations." *Bradley v. Colvin*, 110 F. Supp. 3d 429, 444 (E.D.N.Y. 2015) (citations omitted).

When the ALJ does not give a treating physician's opinion controlling weight, he must "comprehensively set forth his reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal citations omitted). "The factors that must be considered when the treating physician's opinion is not given controlling weight include: '(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist.'" *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000). Failure to provide "good reasons" for the weight assigned to a treating physician's opinion constitutes a ground for remand. *See* 20 C.F.R. § 404.1527(c)(2); *Halloran*

---

[3] The treating physician rule applies because the plaintiff filed his claim before March 27, 2017. 20 C.F.R. § 404.1527.

4

*v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion[.]").

On remand, the ALJ should explain why he did not accord Dr. Iordache's opinion controlling weight. There is some suggestion that the doctor's notes were illegible and incomplete; the ALJ noted that some of the doctor's handwritten notes were unclear, and that she "did not indicate to what degree or in what way" the plaintiff's substance abuse contributed to his limitations. (Tr. 38, 710-720.) Since the ALJ has an "affirmative duty to develop the record," he should consider seeking clarification from Dr. Iordache on remand. *Klemens v. Berryhill*, 703 F. App'x 35, 36 (2d Cir. 2017) (summary order) (citation omitted).

The Commissioner's argument that that the plaintiff's ability to "manage funds in his own best interest" constitutes a "good reason" to discredit the treating physician's opinion is not persuasive. (Tr. 38; ECF No. 15 at 27.) The ALJ noted that the plaintiff could manage his money, but did not cite it as a reason to reject all of Dr. Iordache's findings. Rather, he relied on this fact to suggest that the plaintiff's addiction did not affect his ability to manage the everyday aspects of his life.

In the context of this case, the absence of an explanation is not harmless. Dr. Iordache found that the plaintiff had a "seriously limited" ability to maintain attention over a two-hour period (Tr. 705), which the vocational expert explained would not be tolerated in a work environment. (Tr. 88.) If the ALJ concludes on remand that Dr. Iordache's opinion does not merit controlling weight, he should detail the reasons for his decision.[4]

---

[4] The plaintiff also argues that the ALJ did not say whether he considered the opinion of consultative examining physician, Dr. Arlene Broska, in determining the plaintiff's residual functional capacity. Dr. Broska—whose opinion the ALJ assigned "substantial weight" in assessing whether the plaintiff's impairments met a medical listing—concluded that the plaintiff's polysubstance use disorder was "in

5

## III. Credibility Determination

The plaintiff also challenges the ALJ's assessment of the plaintiff's credibility. The ALJ concluded that "[i]f the claimant stopped the substance abuse, [his] medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the objective medical and other evidence . . . ." (Tr. 37.) An ALJ evaluating a claimant's testimony must determine whether "the evidence establishes a medically determinable impairment that could reasonably be expected to produce the [claimant's] symptoms . . . ." S.S.R. 16-3p, 2016 WL 1119029, at *10 (Mar. 16, 2016).

As noted above, the ALJ did a thorough evaluation, including of the plaintiff's daily activities and subjective complaints, and based his credibility on that evaluation. It may be that he will change his opinion about the plaintiff's credibility upon reevaluation of Dr. Iordache's opinion. *See Demera v. Astrue*, No. 12-CV-432, 2013 WL 391006, at *4 (E.D.N.Y. Jan. 24, 2013) ("[A]fter the ALJ reassesses the opinions of the four treating physicians and obtains additional information as needed to resolve any inconsistencies or ambiguities, the ALJ must likewise reassess the credibility of [the claimant's] subjective complaints.").

---

early remission." (Tr. 33.) There is scant medical evidence about the plaintiff's condition when he was not using controlled substances. (*See* Tr. 38 ("As for the opinion evidence when claimant apparently stopped substance abuse, there is only one . . . .").) On remand, the ALJ should clarify the extent to which he relied on Dr. Proska's opinion in determining the plaintiff's residual functional capacity. *See Lopez v. Sec'y of Dep't of Health and Human Servs.*, 728 F.2d 148, 150-51 (2d Cir. 1984) ("We have remanded cases when it appears that the ALJ has failed to consider relevant and probative evidence which is available to him.") (citation omitted).

## CONCLUSION

The plaintiff's motion for judgment on the pleadings is granted. The Commissioner's motion for judgment on the pleadings is denied. The case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
      February 20, 2020